IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANIEL DEFENSE, INC., ) | |
| ) | **CV414-131** |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | NO._____ |
| REMINGTON OUTDOOR COMPANY, ) | |
| INC., AKA FREEDOM GROUP, INC. and ) | DEMAND FOR JURY TRIAL |
| DPMS FIREARMS/PANTHER ARMS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Daniel Defense, Inc. (hereinafter referred to as "Daniel Defense" or "Plaintiff") states the following for its Complaint against Defendants Remington Outdoor Company, Inc. (aka Freedom Group, Inc.) and DPMS Firearms/Panther Arms (hereinafter collectively referred to as "Remington Outdoor" or "Defendants"), and alleges as follows:

### NATURE OF THIS ACTION

1. This is an action for federal trademark infringement; deceptive trade practices in violation of Georgia Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*; and unfair competition in violation of Georgia common law, against Defendants, for Defendants' infringement, commercial use and exploitation of Daniel Defense's federally registered trademarks on or in connection with the sale of firearms and firearms accessories. Defendants' actions entitle Plaintiff to injunctive relief, damages, recovery of Plaintiff's costs and reasonable attorneys' fees incurred and any such other relief as the Court may deem appropriate.

## PARTIES

2. Plaintiff, Daniel Defense is a corporation, organized and existing under the laws of the state of Georgia, with its principal place of business located at 101 Warfighter Way, Black Creek, GA 31308. Daniel Defense is a manufacturer, distributor and seller of firearms and firearms accessories in the United States (with product distribution throughout the world). Daniel Defense also has a manufacturing facility in Ridgeland, South Carolina.

3. Upon information and belief, Defendant Remington Outdoor Company (also known as Freedom Group, Inc.) is a corporation organized and existing under the laws of the state of North Carolina, with its main corporate office located at 870 Remington Drive, Madison, NC 27025 USA. Further, upon information and belief, Remington Outdoor Company is the parent of, or otherwise controls DPMS Firearms/Panther Arms.

4. Upon information and belief, Defendant DPMS Firearms/Panther Arms is a corporation organized and existing under the laws of the state of Minnesota, with its main corporate office located at 3312 12th St. SE, St. Cloud, MN 55308 USA. Further, upon information and belief, DPMS Firearms/Panther Arms is a subsidiary of, or is otherwise controlled by the Remington Outdoor Company.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions arising under the laws of the United States); 28 U.S.C. § 1138 (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Defendants because the Defendants transact business, have engaged in trademark infringement, derive substantial revenue and have otherwise established contacts all within this jurisdiction, and thus making the exercise of personal jurisdiction proper.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this jurisdiction.

## FACTUAL BACKGROUND

**A.  Daniel Defense and Its Marks.**

8. Plaintiff is a manufacturer, distributor and seller of firearms and firearms accessories in the United States with product distribution throughout the world.

9. Plaintiff owns valid and enforceable trademark rights for its use on firearms and firearms accessories. In recognition of these rights, the United States Patent and Trademark Office ("USPTO") has issued Plaintiff a number of registrations for its trademarks, including but not limited to:

| Trademark | Registration No. | Goods/Services |
|---|---|---|
| LIGHTER. STRONGER. BETTER… | 4,079,660 | Accessory parts for firearms, namely, mounting rail apparatus and mounting rails, firearm sling mounts, firearm optic mounts, firearm light mounts, and upper receivers for feeding and ejecting cartridges to firearms. |
| » | 4,469,889 | Firearms and firearms accessories, namely, complete rifles, upper and lower receivers, barrel assemblies, rifle rail systems, firearm vertical grips, firearm sights, firearm sling mounts, firearm ammunition, firearm flash brakes, firearm mounts for attaching accessories to firearms and firearm flash hiders. |

True and correct copies of the certificates of registration for trademarks are attached hereto as **Exhibit A** and **Exhibit B**. Plaintiff's "LIGHTER, STRONGER, BETTER... ®" and ">> ®" trademarks are hereinafter commonly referred to as the "Daniel Defense Trademarks".

10. Since and at least as early as 2006, Plaintiff has continuously and exclusively used LIGHTER. STRONGER. BETTER...® as a trademark in interstate commerce in connection with firearm core components (i.e., upper receiver) and firearms accessories. Plaintiff's LIGHTER. STRONGER. BETTER...® trademark is distinctive for goods of this type. Additionally, with over eight years of exclusive use of the mark in interstate commerce, Plaintiff has acquired yet further secondary meaning and valuable rights to the LIGHTER, STRONGER, BETTER... ® trademark.

11. Plaintiff owns federal trademark registration No. 4,079,660, issued January 3, 2012, for LIGHTER, STRONGER, BETTER... ® (in standard characters) for use in connection with the goods: "accessory parts for firearms, namely, mounting rail apparatus and mounting rails, firearm sling mounts, firearm optic mounts, firearm light mounts, and upper receivers for feeding and ejecting cartridges to firearms".

12. Since and at least as early as 2012, Plaintiff has continuously used the design mark >> ® (Chevrons) as a trademark in interstate commerce in connection with firearms and firearms accessories. Plaintiff's >> ® (Chevrons) trademark is distinctive for goods of this type. As such, Plaintiff has additionally acquired valuable rights to this trademark.

13. Plaintiff owns federal trademark registration No. 4,469,889, issued January 21, 2014, for the design mark >> ® (Chevrons) for use in connection with the goods of "firearms and firearms accessories, namely, complete rifles, upper and lower receivers, barrel assemblies, rifle rail systems, firearm vertical grips, firearm sights, firearm sling mounts, firearm ammunition,

firearm flash brakes, firearm mounts for attaching accessories to firearms and firearm flash hiders".

14. Plaintiff uses its LIGHTER, STRONGER, BETTER… ® and >> ® trademarks throughout the United States, including this jurisdiction (the Southern District of Georgia Savannah Division).

15. Plaintiff has expended significant resources in the promoting, marketing and advertising of the Daniel Defense Trademarks and associated goods.

**B.   Defendants' Use of Daniel Defense Trademarks.**

16. Defendants are in the firearms and firearms accessories manufacturing, sales and distribution business.

17. On information and belief, Defendants offer goods (i.e., firearms and firearms accessories) for sale within this jurisdiction.

18. Defendants have used marks that are confusingly similar marks to the Daniel Defense Trademarks on the DPMS Firearms/Panther Arms' website: http://www.dpmsinc.com/, thus creating customer confusion as to source of origin of its products.

19. Specifically, Defendants' infringing mark "LIGHTER, STRONGER, and even more badass." appropriates and uses the "dominant portion" of the Plaintiff's distinctive mark, does so wherein the infringing mark is predominantly shown in direct association with the sale of the same goods, in the same markets, and to the same class of customers as the Plaintiff. *See,* http://dpms-gii.com/full.html#intro. Moreover, the Defendants' company name is not predominantly shown anywhere on the website page, thus adding further to customer confusion. Please *see,* the following website example.



20. Additionally, the Defendants' infringing mark "LIGHTER, STRONGER and every bit as accurate as the original." uses "the dominant portion" of the Plaintiff's distinctive mark, and does so wherein the infringing mark is predominantly shown in direct association with the sale of the same goods, in the same markets, and to the same class of customers as Plaintiff. *See,* http://dpms-gii.com/full.html#intro. Moreover, the Defendants' company name is not predominantly shown anywhere on the page, thus adding further to customer confusion. Please *see,* the following website example.



21. On information and belief, the Defendants have also used the Daniel Defense Trademarks on marketing banners and marketing displays at various 2014 firearms and firearms accessories tradeshows (including, Shot Show 2014 in Las Vegas, Nevada), and thus creating yet additional customer confusion as to source of origin.

22. Defendants have used the Daniel Defense Trademarks on their advertising materials, including the 2014 DPMS online and print Product Catalog (available at: http://www.dpmsinc.com/) and thus creating yet more customer confusion as to source of origin.

23. In its 2014 online and print catalogues, Defendants' infringing mark "LIGHTER, STRONGER, and even more badass." appropriates and uses the "dominant portion" of the Plaintiff's distinctive mark, and does so wherein the infringing mark is predominantly shown in direct association with the sale of the same goods, in the same

7

markets, and to the same class of customers as Plaintiff. Furthermore, in the same Catalogue picture, Defendants are also using a modified (upside down version) of Plaintiff's distinctive mark >> ® (Chevrons). Additionally, the Defendants' company name is not predominantly shown anywhere in the catalogue picture, thus adding further to customer confusion. Please see, the following website example.



24. In its 2014 online and print catalogues, Defendants' infringing mark "LIGHTER, STRONGER and every bit as accurate as the original." appropriates and uses the "dominant portion" of the Plaintiff's distinctive mark, and does so wherein the infringing mark is predominantly shown in direct association with the sale of the same goods, in the same markets, and to the same class of customers as Plaintiff. In the same Catalogue picture, Defendants are also using a modified (upside down version) of Plaintiff's distinctive mark >> ® (Chevrons). The Defendants' company name is not predominantly shown anywhere in the

catalogue picture, thus adding further to customer confusion. Please *see,* the following website example.



25.     Defendants' infringing mark "smaller. LIGHTER. STRONGER." appropriates and uses the dominant portion of the Plaintiff's distinctive mark, and does so wherein the infringing mark is "predominantly shown" in direct association with the sale of the same goods, in the same markets, and to the same class of customers as Plaintiff. Furthermore, the Defendants' are using modified chevrons "<<" similar to Plaintiff's distinctive mark >> ® (Chevrons) -- being predominantly shown in direct association with the sale of Defendants Firearm in its 2014 online and print catalogues. The Defendants' company name is not predominantly shown on the page and thus a reader cannot easily ascertain who the manufacturer of the firearm is. As such, a purchasing consumer is likely to be confused as to the source, origin or sponsorship of the firearm for sale. Please *see,* the following examples.

9



26. In the Defendants' online and print catalogue, Defendants have used Plaintiff's distinctive mark >> ® on firearms and firearms accessories. Please *see,* the following website

examples.













27. Defendants have used the Daniel Defense Trademarks on the Defendants' Social Media Sites (i.e., Facebook, Twitter, Google+ and Instagram) and thus creating customer confusion as to source of origin of the goods displayed therein.







## FIRST CAUSE OF ACTION
(Federal Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. This is a claim for infringement of the federally-registered trademarks of Daniel Defense, as depicted in the attachments Exhibits **A** and **B**.

30. Defendants' conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby the purchasing public and others would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Plaintiff, in violation of 15 U.S.C. § 1114(1). Defendants conduct also constitutes an attempt to trade on the goodwill that Plaintiff has developed in the Daniel Defense Trademarks, all to the damage of Plaintiff.

31.     Defendants' conduct has caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff.

32      Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Violation of O.C.G.A. § 10-1-370 *et seq.* "Uniform Deceptive Trade Practices Act")

33.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

34.     Defendants' conduct is likely to cause confusion and misunderstanding among consumers in the state of Georgia. Defendants' conduct constitutes a violation of O.C.G.A. § 10-1-370 *et seq.* Specifically, Defendants' conduct is causing a likelihood of confusion about: (1) the source, sponsorship, approval or certification of its goods with that of the Plaintiff; and (2) affiliation, connection or association with or certification with the Plaintiff.

35.     As a result of Defendants' conduct, Defendants have monetarily profited and have caused Daniel Defense monetary damage, as well as irreparable harm and injury. Daniel Defense is likely to continue to be so damaged unless Defendants are restrained and enjoined by this Court from further violation of Plaintiff's rights.

36.     Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Unfair Competition Under Georgia Common Law)

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

38. On information and belief, Defendants' conduct is an attempt to encroach upon the business of the Plaintiff, by the use of similar marks to that of the Daniel Defense Trademarks, with the intention of deceiving and misleading the public.

39. On information and belief, Defendants' conduct is of the nature and probable tendency and effect of which is to deceive the public as to pass off the Defendants' goods and for the goods of the Plaintiff.

40. As a result of Defendants' conduct, Defendants have monetarily profited and have caused Daniel Defense monetary damage, as well as irreparable harm and injury. Daniel Defense is likely to continue to be so damaged unless Defendants are restrained and enjoined by this Court from further violation of Plaintiff's rights.

41. Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief that:

1. Judgment be entered in favor of Plaintiff against Defendants as to each of the above claims for relief;

2. Defendants (and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants), be preliminarily and permanently enjoined from any use of the Daniel Defense Trademarks (and any confusingly similar variations thereof) in connection with using, manufacturing, advertising, promoting, selling or offering for sale, firearms and

firearms accessories, in any tangible and intangible form(s) (including advertisements, online and print product catalogues, tradeshow materials, advertising banners, sales or website materials, social media sites and online in any form whatsoever);

3. Defendants be directed to file with the Court and serve Plaintiff, no less than thirty (30) days after issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

4. Defendants be directed to destroy any and all documents, literature, advertising, banners, logoed advertising trucks, and online materials bearing the Daniel Defense Trademarks and any variants thereof, in connection with the sale of firearms and firearms accessories;

5. Defendants be ordered to pay to Plaintiff the costs of this action and its associated reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and the relevant Georgia state statutes cited in this Complaint; and

6. Plaintiff be awarded such other and further relief as the Court may deem just.

Date: June 24, 2014          By: /s/ Justin Charles Ward

Justin Charles Ward
Georgia State Bar No. 746408
**Daniel Defense, Inc.**
101 Warfighter Way
Black Creek, GA 31308
Telephone: (912) 851-3293
Fax: (912) 851-3249
jward@danieldefense.com

*Counsel for Plaintiff*