UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
Civil Action No. 4:14-cv-00131-WTM-GRS

| | |
|---|---|
| DANIEL DEFENSE, INC.,<br><br>               Plaintiff,<br><br>vs.<br><br>REMINGTON OUTDOOR COMPANY, INC.,<br><br>               Defendant. | **ANSWER OF DEFENDANT REMINGTON OUTDOOR COMPANY, INC.**<br><br>**CIVIL ACTION NO:**<br>**4:14-cv-00131-WTM-GRS**<br><br>**[JURY TRIAL IS DEMANDED]** |

For its Answer Defendant Remington Outdoor Company, Inc. ("Remington") states as follows:

**NATURE OF THIS ACTION**

1.  This paragraph contains only a characterization of the complaint, which speaks for itself and to which no response is required.

**PARTIES**

2.  Remington is without information sufficient to determine the truth or falsity of the allegations in Paragraph 2, and therefore denies same.

3.  Remington admits that it is the corporate parent of the corporate parent ("FGI Holding Company, LLC") of the corporate parent ("FGI Operating Company, LLC") of Remington Arms Company, LLC, and has its main corporate office located at 870 RemingtonDrive, Madison, NC  27025.   Remington admits that Remington Arms Company, LLC, is doing business as DPMS Firearms.  Remington denies all other allegations in Paragraph 3.

4.      Remington admits that the main corporate office of Remington Arms, LLC, is located at 870 RemingtonDrive, Madison, NC  27025. Remington admits that Remington Arms Company, LLC, is doing business as DPMS Firearms.  Remington denies all other allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.      Remington admits that this Court has subject matter jurisdiction over actions arising under the Lanham Act, actions arising under the laws of the United States, and actions arising under Acts of Congress related to trademarks. Remington admits that this Court has supplemental jurisdiction over claims that form part of the same case or controversy as claims over which this Court has original jurisdiction.   Remington denies all other allegations in Paragraph 5, including without limitation that the Court has jurisdiction over Remington.

6.      Remington denies that it is subject to personal jurisdiction in this district.  The phrases "substantial revenue" and "otherwise established contacts all" are vague and Remington Arms therefore denies all allegations related to them.   Remington denies the remaining allegations of Paragraph 6, including without limitation the allegation that it has engaged in trademark infringement.

7.      This paragraph contains assertions of law to which no response is required.  To the extent an answer is required, Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 7, and therefore denies same.

## FACTUAL BACKGROUND

**A.      Daniel Defense and Its Marks**

8.      Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 8, and therefore denies same.

2

9.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 9, and therefore denies same.

10.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 10, and therefore denies same.

11.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 11, and therefore denies same.

12.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 12, and therefore denies same.

13.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 13, and therefore denies same.

14.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 14, and therefore denies same.

15.     Remington is without sufficient information to determine the truth or falsity of the allegations in Paragraph 15, and therefore denies same.

**B.     Defendants' Use of Daniel Defense Trademarks.**

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

## FIRST CAUSE OF ACTION

28.    This paragraph does not contain any claim for relief or aver any facts in support of a claim to which an answer is required.

29.    This paragraph contains a characterization of the complaint to which no answer is required.   To the extent Paragraph 29 requires an answer, Remington denies all allegations therein.

30.    Denied.

31.    Denied.

32.    Denied.

## SECOND CAUSE OF ACTION

33.    Paragraph 33 does not contain any claim for relief or aver any facts in support of a claim to which an answer is required.

34.    Denied.

35.    Denied.

36.    Denied.

## THIRD CAUSE OF ACTION

37.    Paragraph 37 does not contain any claim for relief or aver any facts in support of a claim to which an answer is required.

38.    Denied.

39.  Denied.

40.  Denied.

41.  Denied.

## AFFIRMATIVE DEFENSES

1.  This Court lacks personal jurisdiction over Remington.

2.  Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

3.  Remington has not used the allegedly infringing trademarks cited by Plaintiff in the manner of a trademark.

4.  Plaintiff has not used the trademarks allegedly owned by Plaintiff in the manner of a trademark.

5.  Any alleged use of material by Remington in the manner of a trademark has not had the tendency to deceive or confuse relevant consumers.

6.  Plaintiff's trademarks are merely descriptive, non-distinctive, ornamental, functional, and have not acquired secondary meaning.

7.  U.S. Registration Nos. 4,079,660 and 4,469,889 should be canceled based on genericness, descriptiveness, ornamental nature, and/or functionality.

8.  The claims of the Amended Complaint are barred, in whole or in part, because Plaintiff's alleged marks are invalid, unenforceable, and/or not infringed.

9.  Plaintiff is estopped from pursuing one or more of its claims based on the doctrines of laches, acquiescence, equitable estoppel, and/or unclean hands.

Remington reserves the right to assert additional affirmative defenses that may be revealed subsequent to or during discovery.

Remington specifically reserves its right to object to this Court's exercise of personal jurisdiction over it.

**<u>JURY TRIAL IS DEMANDED</u>**

This the 16th day of September, 2014.

<u>/s/ Nathan C. Belzer</u>
Nathan C. Belzer
Ga. Bar. No. 049786
Belzer PC
2905 Bull Street
Savannah, GA 31405
phone: 912.236.3001
fax: 912.236.3003
email: nbelzer@belzerlaw.com

*Attorney for Defendant Remington Outdoor Company, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on September 16, 2014, a copy of the foregoing ANSWER was filed electronically with the Clerk of Court using the CM/ECF system.

/s/ Nathan C. Belzer
Nathan C. Belzer
Ga. Bar. No. 049786
Belzer PC
2905 Bull Street
Savannah, GA 31405
phone: 912.236.3001
fax: 912.236.3003
email: nbelzer@belzerlaw.com