UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
Civil Action No. 4:14-cv-00131-WTM-GRS

| | |
|---|---|
| DANIEL DEFENSE, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, LLC,<br><br>　　　　　Defendant. | **ANSWER AND COUNTERCLAIMS OF DEFENDANT REMINGTON ARMS COMPANY, LLC**<br><br>CIVIL ACTION NO:<br>4:14-cv-00131-WTM-GRS<br><br>**[JURY TRIAL IS DEMANDED]** |

For its Answer and Counterclaim Defendant and Counterclaimant Remington Arms Company, LLC, ("Remington Arms") states and alleges as follows:

## NATURE OF THIS ACTION

1. This paragraph contains only a characterization of the complaint, which speaks for itself and to which no response is required.

## PARTIES

2. Remington Arms is without information sufficient to determine the truth or falsity of the allegations in Paragraph 2, and therefore denies same.

3. Remington Arms admits that Remington Outdoor Company, Inc., is the corporate parent of the corporate parent ("FGI Holding Company, LLC") of the corporate parent ("FGI Operating Company, LLC") of Remington Arms and has its main corporate office located at 870 Remington Drive, Madison, NC  27024. Remington Arms admits that Remington Arms is doing business as DPMS Firearms.  Remington Arms denies all other allegations in Paragraph 3.

1

4. Remington Arms admits that its main corporate office is located at 870 Remington Drive, Madison, NC  27025. Remington Arms admits that it is doing business as DPMS Firearms.  Remington Arms denies all other allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Remington Arms admits that this Court has subject matter jurisdiction over actions arising under the Lanham Act, actions arising under the laws of the United States, and actions arising under Acts of Congress related to trademarks. Remington Arms admits that this Court has supplemental jurisdiction over claims that form part of the same case or controversy as claims over which this Court has original jurisdiction.  Remington Arms denies all other allegations in Paragraph 5.

6. Remington Arms admits that it conducts business in this judicial district and is subject to personal jurisdiction in this district.  The phrases "substantial revenue" and "otherwise established contacts all" are vague and Remington Arms therefore denies all allegations related to them.  Remington Arms denies the remaining allegations of Paragraph 6, including without limitation the allegation that it has engaged in trademark infringement.

7. This paragraph contains assertions of law to which no response is required.  To the extent an answer is required, Remington Arms is without sufficient information to determine the truth or falsity the allegations in Paragraph 7, and therefore denies same.

## FACTUAL BACKGROUND

**A.     Daniel Defense and Its Marks**

8. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 8, and therefore denies same.

9. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 9, and therefore denies same.

10. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 10, and therefore denies same.

11. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 11, and therefore denies same.

12. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 12, and therefore denies same.

13. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 13, and therefore denies same.

14. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 14, and therefore denies same.

15. Remington Arms is without sufficient information to determine the truth or falsity of the allegations in Paragraph 15, and therefore denies same.

**B.     Defendants' Use of Daniel Defense Trademarks.**

16. Remington Arms admits that it is in the business of manufacturing, selling, and distributing firearms and firearm accessories and denies the remaining allegations in Paragraph 16.

17. Remington Arms admits that it offers firearms and firearm accessories for sale within this jurisdiction.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## FIRST CAUSE OF ACTION

28. This paragraph does not contain any claim for relief or aver any facts in support of a claim to which an answer is required.

29. This paragraph contains a characterization of the complaint to which no answer is required. To the extent Paragraph 29 requires an answer, Remington Arms denies all allegations therein.

30. Denied.

31. Denied.

32. Denied.

## SECOND CAUSE OF ACTION

33. Paragraph 33 does not contain any claim for relief or aver any facts in support of a claim to which an answer is required.

34. Denied.

35. Denied.

36. Denied.

## THIRD CAUSE OF ACTION

37. Paragraph 37 does not contain any claim for relief or aver any facts in support of a claim to which an answer is required.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. Remington Arms has not used the allegedly infringing trademarks cited by Plaintiff in the manner of a trademark.

3. Plaintiff has not used the trademarks allegedly owned by Plaintiff in the manner of a trademark.

4. Any alleged use of material by Remington Arms in the manner of a trademark has not had the tendency to deceive or confuse relevant consumers.

5. Plaintiff's trademarks are merely descriptive, non-distinctive, ornamental, functional, and have not acquired secondary meaning.

6. U.S. Registration Nos. 4,079,660 and 4,469,889 should be canceled based on genericness, descriptiveness, ornamental nature, and/or functionality.

7. The claims of the Amended Complaint are barred, in whole or in part, because Plaintiff's alleged marks are invalid, unenforceable, and/or not infringed.

8. Plaintiff is estopped from pursuing one or more of its claims based on the doctrines of laches, acquiescence, equitable estoppel, and/or unclean hands.

Remington Arms reserves the right to assert additional affirmative defenses that may be revealed subsequent to or during discovery.

## DEFENDANT REMINGTON ARMS'S COUNTERCLAIM

Counterclaimant Remington Arms Company, LLC, by and through its attorneys, makes the following counterclaims against Counter-Defendant Daniel Defense, Inc.

## PARTIES

1.      Counter-Plaintiff Remington Arms Company, LLC. ("Remington Arms") is limited liability company organized and existing under the laws of Delaware with a corporate address of 870 Remington Drive, Madison, NC  27025.  Remington Arms is in the business of designing, marketing, and selling firearms.

2.      On information and belief, Counter-Defendant Daniel Defense, Inc., is a corporation organized and existing under the laws of the state of Georgia with its principal place of business located at 101 Warfighter Way, Black Creek, Georgia  31308.

## JURSIDICTION

3.      This action arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202); the Lanham Act (15 U.S.C. § 1119); as well as 28 U.S.C. §§ 1331, 1338, and 1367(a).

4.      Upon information and belief, this Court has personal jurisdiction over Counter-Defendant because Counter-Defendant resides in this district and has consented to jurisdiction in this Court by filing the underlying action.

## VENUE

5.      This Court has venue over these counterclaims because Counter-Defendant has consented to same, and its principal place of business is in this district.

**FACTS**

6. Counter-Defendant purports to own U.S. Trademark Registration No. 4,079,660 for the mark LIGHTER. STRONGER. BETTER . . . and U.S. Trademark Registration No. 4,469,889 for the following design (collectively, the "DDI Marks"):



7. Through this suit Counter-Defendant has accused Remington Arms of infringing the DDI Marks.

8. Counter-Defendant's allegations of trademark infringement and unfair competition and related claims have created apprehension by Remington Arms regarding the continued use of certain material, including descriptive language not used in the manner of a trademark and certain graphic elements that are in widespread, ornamental, and functional use in the relevant industry.

9. Remington Arms has not infringed any of Counter-Defendant's purported rights in the DDI Marks.

10. Remington Arms further believes that the DDI Marks are invalid or otherwise not entitled to trademark protection.

11. Remington Arms is entitled to have the alleged infringement and validity issues resolved by virtue of a declaratory judgment of non-infringement and/or invalidity in order to clear the uncertainty created by Counter-Defendant's claims of infringement.

## COUNT I
## DECLARTORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT

12.     Remington Arms repeats and specifically incorporates by reference the allegations from Paragraphs 1-11 of the counterclaims above.

13.     Counter-Defendant has claimed that Remington Arms has infringed Counter-Defendant's alleged trademarks and has brought suit in this Court alleging the same.

14.     Remington Arms has not used any words, designs, logos, or other material that is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Counter-Defendants goods or services.

15.     Upon information and belief, Counter-Defendant's U.S. Trademark Registration Nos. 4,079,660 and 4,469,889 are invalid.

16.     Due to the aforementioned claims made by Counter-Defendant, there is an actual and justiciable controversy between the parties concerning the infringement and validity of the aforementioned trademarks.

17.     To resolve this controversy, Remington Arms is entitled to a judicial declaration that it has not infringed Counter-Defendant's marks, that Counter-Defendant's marks are invalid, that Counter-Defendant has no exclusive rights to the words "lighter," "stronger," or "better," used in any combination in connection with firearms or firearm accessories.

18.     Remington Arms has no other existing, speedy, adequate, or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

## COUNT II
### Cancellation of Trademark Registration Nos. 4,079,660 and 4,469,889

19.     Remington Arms repeats and specifically incorporates by reference the allegations from Paragraphs 1-17 of the counterclaims above.

20. Upon information and belief, Counter-Defendant's alleged mark that is the subject of U.S. Registration No. 4,079,660 is currently and was at the time of registration generic for and/or descriptive of the firearms accessories sold by Counter-Defendant under its mark. In particular, the relevant consuming public would understand LIGHTER. STRONGER. BETTER . . . to be the generic name for and/or a description of such firearm accessories.

21. Upon information and belief, Counter-Defendant does not currently use the mark that is the subject of U.S. Registration No. 4,079,660 in the manner of a trademark nor did it do so at the time of registration.

22. Upon information and belief, Counter-Defendant's alleged mark that is the subject of U.S. Registration No. 4,079,660 is merely informational in nature and/or a common laudatory phrase ordinarily used in business and in the relevant industry.

23. Upon information and belief, Counter-Defendant's alleged mark that is the subject of U.S. Registration No. 4,469,889 is merely ornamental. It is a functional design element commonly employed in the relevant industry and has not acquired secondary meaning or distinctiveness as an indicator of source for Counter-Defendant's products.

24. Upon information and belief, Counter-Defendant does not currently use the mark that is the subject of U.S. Registration No. 4,469,889 in the manner of a trademark nor did it do so at the time of registration.

25. Upon information and belief, Counter-Defendant's alleged mark that is the subject of U.S. Registration No. 4,469,889 is inherently incapable of serving as a trademark.

26. Trademark Registration Nos. 4,079,660 and 44,69,889 have damaged Remington Arms are likely to continue damaging Remington Arms.

27.     Remington Arms is therefore entitled to have U.S. Trademark Registration Nos. 4,079,660 and 4,469,889 cancelled pursuant to 15 U.S.C. § 1064, and requests same.

## PRAYER FOR RELIEF

WHEREFORE, Remington Arms prays for entry of judgment:

1.     That all of Plaintiff/Counter-Defendant's claims against Remington Arms be dismissed with prejudice, with Remington Arms's costs and attorney's fees incurred in defending against such claims taxed to Counter-Defendant.

2.     Declaring that Remington Arms has not infringed any of Plaintiff/Counter-Defendant's purported trademarks;

3.     Declaring that Counter-Defendant has no exclusive rights in the words "lighter, "stronger," or "better" used in any combination in connection with firearms or firearm accessories;

4.     Declaring that Plaintiff/Counter-Defendant's purported trademarks are invalid;

5.     Cancelling U.S. Trademark Registration Nos. 4079660 and 4469889;

6.     Declaring that Remington Arms is entitled to recover costs and attorney's fees incurred in this action; and

7.     Awarding Remington Arms such other and further relief as may be just and proper.

**JURY TRIAL IS DEMANDED**

This the 16th day of September, 2014.

/s/ Nathan C. Belzer
Nathan C. Belzer
Ga. Bar. No. 049786
Belzer PC
2905 Bull Street
Savannah, GA 31405
phone: 912.236.3001
fax: 912.236.3003
email: nbelzer@belzerlaw.com

*Attorney for Defendant and Counter-Plaintiff Remington Arms Company, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on September 16, 2014, a copy of the foregoing ANSWER / COUNTERCLAIMS was filed electronically with the Clerk of Court using the CM/ECF system.

/s/ Nathan C. Belzer
Nathan C. Belzer
Ga. Bar. No. 049786
Belzer PC
2905 Bull Street
Savannah, GA 31405
phone: 912.236.3001
fax: 912.236.3003
email: nbelzer@belzerlaw.com