IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
Civil Action No. 4:14-cv-00131-WTM-GRS

| | |
|---|---|
| DANIEL DEFENSE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REMINGTON OUTDOOR COMPANY, )<br>INC., AKA FREEDOM GROUP, INC. and )<br>REMINGTON ARMS COMPANY, LLC )<br>DBA DPMS FIREARMS/PANTHER )<br>ARMS, )<br>)<br>Defendants. )<br>_____ ) | **CIVIL ACTION NO.**<br>**4:14-cv-00131-WTM-GRS** |

**JOINT STATUS REPORT**

1. <u>The date and place of the conference of the trial counsel, the duration thereof, and the names and addresses of the counsel participating</u>.

The following counsel met at the law office of Ellis, Painter, Ratterree & Adams, LLP, 2 East Bryan Street, 10th Floor, Savannah, Georgia 31401, on December 12, 2014 for approximately forty five (45) minutes to review the issues for the joint status report.

For Plaintiff Daniel Defense, Inc. ("Daniel Defense" or "Plaintiff"):

Justin Charles Ward
Daniel Defense, Inc.
101 Warfighter Way
Black Creek, GA 31401

A. Robert Casella
Weiner, Shearouse, Weitz, Greenberg & Shawe, LLP
P. O. Box 10105
Savannah, GA 31412

1

For Defendant Remington Outdoor Company, Inc. and Remington Arms Company, LLC ("Remington"):

| | |
|---|---|
| Jason C. Pedigo | Nathan C. Belzer |
| J. Patrick Connell | Belzer PC |
| Ellis, Painter, Ratterree & Adams, LLP | 2905 Bull Street |
| Savannah, GA 31412 | Savannah, GA 31405 |
| 2 East Bryan St., 10th Floor | |
| Savannah, GA 31401 | |

2. <u>A summary of the pleadings of each party</u>.

Plaintiff Daniel Defense filed its Complaint on June 24, 2014, and its Amended Complaint on September 2, 2014. Defendant Remington Outdoor Company, Inc filed its Answer on September 16, 2014 and Defendant Remington Arms, Company, LLC filed its Answer and Counterclaim on the same date.

3. <u>A statement of any disagreement to the jurisdiction and venue of the Court, including citations of applicable authorities in support of each side's contentions</u>.

Daniel Defense submits that jurisdiction and venue of all parties is proper in this Court.

Remington Outdoor submits that the Court has no jurisdiction over it under Georgia's Long Arm Statute, § O.C.G.A. 9-10-91.

4. <u>The status of matters which are presently set before the Court, e.g., hearings, motions, trial date, etc.</u>

Plaintiff's Motion and Supporting Brief for Preliminary Injunction and Defendant's Motion to Strike are currently pending.

5. <u>The status of discovery</u>.

The parties have served their Rule 26 disclosures. Daniel Defense has served interrogatories and requests for production upon Remington. Daniel Defense has served a

2

subpoena for production of documents upon Remington's Savannah Ad Agency "Noble Mouse" and has an outstanding subpoena for Remington's New York Ad Agency "United DMS". Depositions of Remington and Daniel Defense remain to be conducted.   Remington has served its interrogatories, requests for production and requests for admission upon Daniel Defense.

The parties may need additional sixty (60) days to complete Discovery due to (1) the nature of the parties; (2) the complexity of the issues; and (3) the fact that depositions have not been conducted and the current close of discovery date is February 3, 2015.   The parties have a substantial numbers of depositions to take in various states (e.g. Georgia, North Carolina and Minnesota).   Between ten (10) to fifteen (15) depositions are contemplated -- which may increase or decrease based on the information and documents produced in discovery.

6.   <u>The names of any parties who should be joined or added, together with a detailed statement of reasons therefor</u>.

The recently identified Remington advertising agencies and/or the representatives of such advertising agencies may be added to the lawsuit depending on the information produced and obtained in response to subpoenas, outstanding discovery, depositions, and further investigation.

7.   <u>The contentions of fact of each party in detail.   Do not argue your case, simply tell the Court what the facts are as seen by each side.</u>

By Plaintiff:   Plaintiff is a manufacturer, distributor and seller of firearms and firearms accessories in the United States with product distribution throughout the world.   Plaintiff owns valid and enforceable trademarks rights for its use on firearms and firearms accessories.   In recognition of these rights, the United States Patent and Trademark Office ("USPTO") has issued Plaintiff a number of registrations for its trademarks ("Daniel Defense Trademarks"), including but not limited to: (1) LIGHTER. STRONGER. BETTER…® having a Registration Number of

3

4,079,660 (with a date of first use 02/09/06 and over eight (8) years of exclusive use) for accessory parts for firearms, namely, mounting rail apparatus and mounting rails, firearm sling mounts, firearm optic mounts, firearm light mounts, and upper receivers for feeding and ejecting cartridges to firearms; (2) » ® having a Registration Number of 4,469,889 (with a date of first use 12/22/11 anywhere and 01/13/12 in commerce) for firearms and firearms accessories, namely, complete rifles, upper and lower receivers, barrel assemblies, rifle rail systems, firearm vertical grips, firearm sights, firearm sling mounts, firearm ammunition, firearm flash brakes, firearm mounts for attaching accessories to firearms and firearm flash hiders.

Defendants have used marks that are confusingly similar marks to the Daniel Defense Trademarks on the DPMS Firearms/Panther Arms' website: http://www.dpmsinc.com/, print catalogues, social media sites, banners, advertising and marketing materials thus creating customer confusion as to source of origin of its products.   Daniel Defense has filed an action for federal trademark infringement; deceptive trade practices in violation of Georgia Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*; and unfair competition in violation of Georgia common law, against Defendants, for Defendants' infringement, commercial use and exploitation of Daniel Defense's federally registered trademarks on or in connection with the sale of firearms and firearms accessories.

Daniel Defense seeks preliminary and permanent injunctions against Remington for its use of the Daniel Defense Trademarks (and confusingly similar variations thereof), destruction of infringing materials, reasonable attorneys' fees and costs, and such other and further relief as the Court may deem just.

By Remington:

Remington Arms is a manufacturer and distributor of firearms and firearms accessories. Sometime in or around January 2014, Remington launched a new line of modern sporting rifle, the GII, under its DPMS brand. Remington created a new 2014 catalog for its DPMS brand that heavily featured the new rifles. In that catalog and related promotional materials from the launch campaign, the GII BULL rifle was described by the phrase "lighter, stronger, and every bit as accurate as the original." The GII AP4 rifle was described by the phrase "lighter, stronger, and even more badass." Moreover, the catalog included the phrase "Smaller. Lighter. Stronger." on a page that did not feature any products. Remington contends it has not used these phrases in the manner of trademarks. The phrases are used merely descriptively, and are therefore protected by the fair use doctrine and cannot be the basis of a trademark infringement suit.

The catalog and related promotional materials also make use of a double bracket design motif throughout for functional and decorative purposes. Remington contends that it has not used this design in the manner of a trademark, and it therefore cannot be the basis of a trademark infringement suit.

In the alternative, Remington contends that even if the phrases and design were used in the manner of a trademark, that such uses creates no likelihood of consumer confusion.

In counterclaims, Remington seeks declaratory judgment of trademark non-infringement based on: a) the fact it has not used the allegedly infringing material in the manner of a trademark, b) the invalidity of Daniel Defense's alleged trademarks, and/or c) the absence of a likelihood of confusion. Remington is also seeking cancellation of Daniel Defense's two

trademark registrations based on the descriptive nature of Daniel Defense's word mark and the functional and/or ornamental nature of tis design mark.

8. <u>A summary of disputed facts</u>.

By Plaintiff:   Several facts are in dispute in this litigation. The most critical fact in dispute, between the parties includes, *inter alia,* similarity of marks, similarity of goods, similarity of channels of commerce, similarity of care of consumers, similarity of associated goods and trademark priority.

By Remington:   The following facts are in dispute: whether Remington has used the allegedly infringing phrases and design element in the manner of a trademark; whether Remington's use of the allegedly infringing phrases and design elements create a likelihood of consumer confusion; the extent and priority of Daniel Defense's trademark usage for each of the goods cited in Daniel Defense's registrations.

9. <u>A summary of disputed legal issues</u>.

By Plaintiff:   The parties disagree, *inter alia,* about the validity and infringement of the Daniel Defense marks and whether preliminary and permanent injunctions should be issued.

By Remington:   The parties disagree about whether the Court has jurisdiction over Remington Outdoor; whether Daniel Defense has protectable trademark rights in its word and design marks; the scope of any trademark rights Daniel Defense has; the validity and enforceability of Daniel Defense's marks and registrations; whether Remington's use of the descriptive phrases and design element constitutes infringement.

10. <u>Any proposed amendments to the pleadings and a brief statement of their necessity</u>.

By Plaintiff: Plaintiff may seek to amend its Complaint to include, *inter alia*, Defendants' advertising agencies as referenced in ¶ 6 above.

By Remington: Remington may seek to amend its Counterclaims to include fraud on the USPTO as an additional ground to cancel Daniel Defense's trademark registrations if facts discovered during discovery necessitate such amendment.

11. <u>A statement of any law and motion matters contemplated</u>.

By Plaintiff: None.

By Remington: None<u>.</u>

12. <u>If either party has any request for trial of certain issues first, or bifurcation for possibly shortening the trial, this should be included</u>.

There is no request for trial of certain issues first, or bifurcation.

13. <u>If the case involves a class action governed by FRCP 23, state the areas and grounds for all disputes which exist as to certification by the Court as a class action under Rule 23(a) and (b)</u>.

Not applicable.

14. <u>An estimate of the number of trial days required. Where counsel cannot agree, then each party shall provide an estimate</u>.

The parties anticipate that a trial may last five (5) days.

15. <u>A statement whether the case is a jury or non-jury trial</u>.

Plaintiff has requested a trial by jury.

16. <u>At the status conference, the Court will expect a serious discussion regarding settlement. The status report is to set forth the following</u>:

1. The <u>realistic</u> demand of the plaintiff(s).

Daniel Defense demands that Remington cease from using the Daniel Defense Trademarks and similar confusing variations thereof and pay Daniel Defense's reasonable attorneys' fees and costs, and any such other and further relief as the Court may deem just.

2. The <u>realistic</u> offer of the defendant(s).

Remington is willing to refrain from using all the three words "lighter," "stronger" and "better" as part of a brand or trademark.   Remington is not willing to cease use of such words to describe the competitive advantages of its products.   Remington does not believe that it has used the bracket design in the manner of a trademark.   Nevertheless, it is willing to refrain from doing so in future.

3. The specific aspects of the case which are inhibiting settlement, e.g., outstanding discovery, pending motions, etc.

Daniel Defense:   The future and present prohibited uses of the Daniel Defense Trademarks and confusingly similar variations and the applicable companies that the prohibited uses would pertain to (DPMS versus Remington Arms) and expended attorney fees.

By Remington:   The breadth of uses that Daniel Defense seeks to prohibit goes beyond trademark uses and would unfairly limit Remington's ability to use the descriptive words "lighter," "stronger," and/or "better" to describe Remington's products.

4. The <u>realistic</u> likelihood that negotiations will continue.

There is a fair likelihood of continued discussions regarding settlement.

8

**RESPECTFULLY SUBMITTED** this ___ th day of December, 2014.

/s/ Justin Charles Ward
Justin Charles Ward
Georgia State Bar No. 746408
jward@danieldefense.com

DANIEL DEFENSE, INC.
101 Warfighter Way
Black Creek, GA 31308
Tel:  (912) 851-3293
Fax:    (912) 851-3249

/s/ William G. Glass
William G. Glass
Georgia Bar No. 297340
bglass@wswgs.com
/s/ A. Robert Casella
Georgia Bar No. 115611
rcasella@wswgs.com

WEINER, SHEAROUSE, WEITZ,
GREENBERG & SHAWE, LLP
Post Office Box 10105
Savannah, GA 31412
Tel: (912) 233-2251

*Attorneys for Plaintiff Daniel Defense, Inc.*

/s/ Nathan C. Belzer
Nathan C. Belzer
Ga. Bar. No. 049786
Belzer PC
2905 Bull Street
Savannah, GA 31405
phone: 912.236.3001
fax: 912.236.3003
email: nbelzer@belzerlaw.com

*Attorney for Defendants Remington Arms Company, LLC and Remington Outdoor Company, LLC*

Jason C. Pedigo
Georgia Bar No. 140989
J. Patrick Connell
Georgia Bar No. 353316
ELLIS, PAINTER, RATTERREE & ADAMS LLC
2 East Bryan St., 10th Floor
Savannah, GA 31401
(912) 233-9700 telephone
(912) 233-2281 facsimile
pedigo@epra-law.com
pconnell@epra-law.com

**CERTIFICATE OF SERVICE**

I do hereby certify that this 15<u>th</u> day of December, 2014, I served a copy of the foregoing **JOINT STATUS REPORT** in accordance with the notice of electronic filing requirements on:

Jason C. Pedigo
J. Patrick Connell
Ellis, Painter, Ratterree & Adams, LLP
Savannah, GA 31412
2 East Bryan St., 10th Floor
Savannah, GA 31401
pedigo@epra-law.com
pconnell@epra-law.com

Nathan C. Belzer
Belzer PC
2905 Bull Street
Savannah, GA 31405
nbelzer@belzerlaw.com

Justin Charles Ward
Georgia State Bar No. 746408
jward@danieldefense.com
DANIEL DEFENSE, INC.
101 Warfighter Way
Black Creek, GA 31308

Robert M. Ward
Georgia State Bar No. 775401
rward@dilworthip.com
DILWORTH IP, LLC
3455 Peachtree Road NE, 5th Floor
Atlanta, GA 30326

William G. Glass
Georgia Bar No. 297340
bglass@wswgs.com
A. Robert Casella
Georgia Bar No. 115611
rcasella@wswgs.com
WEINER, SHEAROUSE, WEITZ,
GREENBERG & SHAWE, LLP
Post Office Box 10105
Savannah, GA 31412

/s/ Nathan C. Belzer
Nathan C. Belzer
Ga. Bar. No. 049786
Belzer PC
2905 Bull Street
Savannah, GA 31405
phone: 912.236.3001
fax: 912.236.3003
email: nbelzer@belzerlaw.com

11