| To: | Daniel Defense, Inc. (patent.docket@sutherland.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 85312113 - LIGHTER. STRONGER. BETTER... - 27078-0055 |
| Sent: | 8/22/2011 3:50:42 PM |
| Sent As: | ECOM117@USPTO.GOV |
| Attachments: | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**APPLICATION SERIAL NO.** 85312113

**MARK**: LIGHTER. STRONGER. BETTER...

**\*85312113\***

**CORRESPONDENT ADDRESS**:
 CHRISTOPHER J. CHAN
 SUTHERLAND ASBILL & BRENNAN LLP
 999 PEACHTREE ST NE STE 2300
 ATLANTA, GA 30309-3996

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

**APPLICANT**: Daniel Defense, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
 27078-0055

**CORRESPONDENT E-MAIL ADDRESS**:
 patent.docket@sutherland.com

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 8/22/2011**

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Search of Office Records: No Conflicting Marks**

The trademark examining attorney has searched the Office's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; *see* 15 U.S.C. §1052(d).

Applicant must respond to the requirement(s) set forth below.

**Specimen**

The specimen is not acceptable because it does not show the applied-for mark used in connection with the goods and/or services specified in the application. An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each class of goods and/or services. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

In this case, the goods are various firearm mounts and receivers, but the web page specimen shows use of the mark with barrels, not mounts or receivers.

To the extent the web page references receivers or mounts along the top of the screen, the web page specimen is not acceptable to show trademark use as a display associated with these goods because it fails to include a picture or a sufficient textual description of the goods, the mark in close proximity to a picture or textual description of the goods, and the necessary ordering information or a weblink for ordering the goods and thus, appears to be mere advertising material. *See In re Sones*, 590 F.3d 1282, 1286-89, 93 USPQ2d 1118, 1122-24 (Fed. Cir. 2009); *In re Genitope Corp.*, 78 USPQ2d 1819, 1822 (TTAB 2006); *In re Dell Inc.*, 71 USPQ2d 1725, 1727-29 (TTAB 2004); TMEP §904.03(h), (i); *cf. Lands' End, Inc. v. Manbeck*, 797 F. Supp. 511, 513-14, 24 USPQ2d 1314, 1316 (E.D. Va. 1992).

Material that functions merely to tell prospective purchasers about the goods, or to promote the sale of the goods, is not acceptable to show trademark use. TMEP §904.04(b). Leaflets, handbills, brochures, advertising circulars and other advertising material, while normally acceptable for showing use in connection with services, generally are not acceptable specimens for showing trademark use in connection with goods. *See In re MediaShare Corp.*, 43 USPQ2d 1304, 1307 (TTAB 1997); *In re Schiapparelli Searle*, 26 USPQ2d 1520, 1522 (TTAB 1993); TMEP §§904.04(b), (c), 1301.04.

However, a web catalog, web page, or similar specimen, which is otherwise a form of advertising, is acceptable to show trademark use as a display associated with the goods if it includes (1) a picture of the relevant goods or a textual description that identifies the actual features or inherent characteristics of the goods such that the goods are recognizable, (2) the mark appearing sufficiently near the picture or textual description of the goods so as to associate the mark with the goods, and (3) information necessary to order the goods (e.g., an order form or offer to accept orders via phone or e-mail) or a visible weblink to order the goods. *See In re Sones*, 590 F.3d at 1286-89, 93 USPQ2d at 1122-24; *In re Genitope*, 78 USPQ2d at 1822; *In re Dell*, 71 USPQ2d at 1727-29; TMEP §904.03(h), (i); *cf. In re MediaShare*, 43 USPQ2d at 1305-07; *Lands' End*, 797 F. Supp. at 513-14, 24 USPQ2d at 1316. Without this necessary information, the specimen is mere advertising and is not acceptable to show use in commerce for goods. *See, e.g.*, *In re Osterberg*, 83 USPQ2d 1220, 1222-24 (TTAB 2007); *In re Genitope*, 78 USPQ2d at 1822.

An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each class of goods. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a). Section 45 requires use of the mark "on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto." 15 U.S.C. §1127; *see* 37 C.F.R. §2.56(b)(1); TMEP §§904.03, 904.04(b), (c).

Therefore, applicant must submit the following:

> (1) <u>A substitute specimen</u> showing the mark in use in commerce for each class of goods specified in the application; and
>
> (2) <u>The following statement</u>, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**The substitute specimen was in use in commerce at least as early as the filing date of the application.**" 37 C.F.R. §2.59(a); TMEP §904.05; *see* 37 C.F.R. §2.193(e)(1). If submitting a substitute specimen requires an amendment to the dates of use, applicant must also verify the amended dates. 37 C.F.R. §2.71(c); TMEP §904.05.

Examples of specimens for goods are tags, labels, instruction manuals, containers, or photographs that show the mark on the actual goods or packaging. *See* TMEP §§904.03 *et seq.*

If applicant cannot satisfy the above requirements, applicant may amend the application from a use in commerce basis under Section 1(a) to an intent to use basis under Section 1(b), for which no specimen is required. *See* TMEP §806.03(c). However, if applicant amends the basis to Section 1(b), registration will not be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen. *See* 15 U.S.C. §1051(c), (d); 37 C.F.R. §§2.76, 2.88; TMEP §1103.

To amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods listed in the application as of the filing date of the application.**" 37 C.F.R. §2.34(a)(2); TMEP §806.01(b); *see* 15 U.S.C. §1051(b); 37 C.F.R. §§2.35(b)(1), 2.193(e)(1).

Pending receipt of a proper response, registration is refused because the specimen does not show the applied-for mark in use in commerce as a trademark. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

<u>Instructions for Filing Substitute Specimen or Amending Basis</u>

Applicant may respond to the stated specimen refusal by submitting a verified substitute specimen or amending the application to an intent to use filing basis under Trademark Act Section 1(b) by following the suggested directions below for responding either online or by mail.

**If applicant responds to this Office action online via the Trademark Electronic Application System (TEAS)**, applicant should provide a substitute specimen as follows: (1) answer "yes" to the TEAS response form wizard question to "submit a new or substitute specimen," (2) attach a jpg or pdf file of the substitute specimen, and (3) select the statement that "The substitute specimen(s) was in use in commerce at least as early as the filing date of the application."

However, if applicant is responding by amending the application to a Section 1(b) filing basis, applicant should do the following: (1) answer "yes" to the TEAS response form wizard questions to "change filing basis" and for a "signed declaration," respectively; (2) uncheck the box for "Filing Basis Section 1(a);" and (3) check the box for "Filing Basis Section 1(b)." Please note that these steps appear on different pages of the TEAS response form.

Whether submitting a substitute specimen or amending the filing basis to Section 1(b), applicant must also personally sign or personally enter his/her electronic signature and date after the declaration at the end of the TEAS response form. *See* 37 C.F.R. §§2.34(a)(2), 2.59(a), 2.193(a), (c)-(d), (e)(1); TMEP §§611.01(c), 804.01(b).

If applicant experiences difficulty in submitting the required substitute specimen, supporting statement and/or declaration, or changing the filing basis, please e-mail TEAS@uspto.gov for technical assistance regarding the TEAS response form.

**If applicant responds to this Office action on paper, via regular mail**, applicant may provide a verified substitute specimen by checking the first statement below, personally signing and dating the declaration appearing below the statement, and submitting a substitute specimen showing the applied-for mark in use in commerce. *See* 37 C.F.R. §§2.20, 2.59(a), 2.193(a)(1), (d), (e)(1); TMEP §§804.01(b), 904.05.

If applicant is responding by amending the application to a Section 1(b) filing basis, applicant may check the second statement below, and personally sign and date the declaration appearing below the statement. *See* 37 C.F.R. §§2.20, 2.34(a)(2), 2.193(a)(1), (d), (e)(1); TMEP §§804.01(b), 806.03(c).

> q **The substitute specimen was in use in commerce at least as early as the filing date of the application.**
>
> q **Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods and/or services listed in the application as of the filing date of the application.**

The undersigned being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

**Response**

To expedite prosecution of the application, applicant is encouraged to file its response to this Office action online via the Trademark Electronic Application System (TEAS), which is available at http://www.uspto.gov/teas/index.html. If applicant has technical questions about the TEAS response to Office action form, applicant can review the electronic filing tips available online at http://www.uspto.gov/teas/eFilingTips.htm and email technical questions to TEAS@uspto.gov.

If applicant has questions regarding this Office action, please telephone the assigned trademark examining attorney.  Applicant is encouraged to telephone rather than email.

If applicant submits questions via email, all relevant email communications will be placed in the official application record and will be visible to the public.  An email communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response.  *See* 37 C.F.R. §2.191; TMEP §§709.04-.05.  Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights.  *See* TMEP §§705.02, 709.06.

/Robin M. Mittler/
Trademark Examining Attorney
Law Office 117
571-270-1534 (phone)
571-270-2534 (fax)
Robin.Mittler@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/.  Please keep a copy of the complete TARR screen.  If TARR shows no change for more than six months, call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

| To: | Daniel Defense, Inc. (patent.docket@sutherland.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 85312113 - LIGHTER. STRONGER. BETTER... - 27078-0055 |
| Sent: | 8/22/2011 3:50:45 PM |
| Sent As: | ECOM117@USPTO.GOV |
| Attachments: | |

# IMPORTANT NOTICE REGARDING YOUR U.S. TRADEMARK APPLICATION

## USPTO OFFICE ACTION HAS ISSUED ON 8/22/2011 FOR SERIAL NO. 85312113

Please follow the instructions below to continue the prosecution of your application:

**TO READ OFFICE ACTION:** Click on this **link** or go to **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this e-mail notification.

**RESPONSE IS REQUIRED:** You should carefully review the Office action to determine (1) how to respond; and (2) the applicable **response time period**. Your response deadline will be calculated from **8/22/2011** (or sooner if specified in the office action).

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System Response Form**.

**HELP:** For *technical* assistance in accessing the Office action, please e-mail **TDR@uspto.gov**.  Please contact the assigned examining attorney with questions about the Office action.

## WARNING

**Failure to file the required response by the applicable deadline will result in the ABANDONMENT of your application.**