# Exhibit "A"

## MUTUAL LIMITED RELEASE

This Mutual Limited Release is given this 30th day of April 2015, by Daniel Defense, Inc. ("Daniel") and Remington Arms Company, LLC ("Remington Arms").

### RECITALS

A. On June 24, 2014, Daniel filed a complaint in the United States District Court for the Southern District of Georgia, styled *Daniel Defense, Inc. v. Remington Outdoor Company, Inc. aka Freedom Group, Inc. and DPMS Firearms/Panther Arms*, civil action no. CV4:14-131, later amended to *Daniel Defense, Inc. v. Remington Outdoor Company, Inc. aka Freedom Group, Inc. and Remington Arms Company, LLC dba DPMS Firearms/Panther Arms*, civil action no. 4:14-cv-00131 (the forgoing complaint, as amended, shall be referred to as the "Complaint" and the foregoing lawsuit as the "Lawsuit") in which it alleged that Remington Arms and Remington Outdoor Company, Inc. ("Remington Outdoor," collectively with Remington Arms, "Remington") infringed on two trademarks which are the subject of subject of U.S. Trademark Registration No. 4,079,660 and 4,469,889, respectively (collectively, the "Trademarks").

B. In the Plaintiff's Complaint/Amended Complaint, Daniel sought injunctive relief, reasonable attorney's fees, and costs. In the Plaintiff's Initial Disclosures, Daniel sought injunctive relief, compensatory damages, a disgorgement of profits allegedly earned by Remington as a result of the alleged infringement, an additional award of an enhanced amount of Remington's alleged profits under 15 U.S.C. 1117(a), a trebling of an award of Remington's alleged profits under 15 U.S.C. 1117(b), punitive damages, prejudgment interest, reasonable attorney's fees, and costs.

C. Remington filed an answer in which it denied the allegations contained in the Complaint and denied liability to Daniel. Remington Arms also filed a counterclaim in which it sought a declaratory judgment that it had not infringed on Daniel's alleged trademark rights in the Trademarks and also sought to cancel Daniel's trademark registrations for the Trademarks and the recovery of attorney's fees and costs (the "Counterclaim").

D. Daniel sought and received permission from the Court to file an answer to the Counterclaim in which it denied the allegations contained in the Counterclaim and denied that Remington Arms was entitled to the relief sought in the Counterclaim.

E. Daniel and Remington wish to release each other from any damages or other monetary relief except for reasonable attorney's fees.

F. Daniel does not wish to release Remington from the injunctive relief sought in the Complaint and Remington Arms does not wish to release Daniel from the declaratory judgment or cancellation sought in the Counterclaim.

### LIMITED RELEASE

In consideration of the foregoing recitals, the agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, it is hereby agreed as follows:

1. The foregoing recitals are confirmed by the parties as true and correct and are incorporated herein by reference. The recitals are a substantive, contractual part of this Agreement.

2. In exchange for the limited release given by Remington Arms which is described in paragraph 4 below, Daniel fully releases, and forever discharges, and by these presents do for itself, its assigns, agents, servants and attorneys, fully remise, fully release, and forever discharge Remington, their heirs, successors, executors, administrators, predecessors and assigns, officers, directors, general partners, limited partners, independent contractors, employees, agents, servants, attorneys and affiliated, subsidiary, predecessor or successor companies or entities ("Remington Limited Releasees"), of and from all and any manner of damages, monetary remedies, debts, sums of money, or any other remedy in law against the said Remington Limited Releasees it ever had, now has or which hereafter can, shall or may have for, upon or by reason of all claims asserted in the Complaint. This release extends only to the aforementioned damages and does not extend to Daniel's prayer for reasonable attorney's fees or the injunctive relief sought in the Complaint. This release also does not serve to release the Remington Limited Releasees from any causes of action that are now or may be hereafter asserted against them by Daniel.

3. It is expressly understood that the Remington Limited Releasees deny any and all liability to Daniel and that the consideration given for this limited release is not to be construed as an admission of liability but is simply made as a compromise and settlement of a disputed claim on behalf of the Remington Limited Releasees.

4. In exchange for the limited release given by Daniel which is described in paragraph 2 above, Remington Arms fully releases, and forever discharges, and by these presents do for itself, its assigns, agents, servants and attorneys, fully remise, fully release, and forever discharge Daniel, its heirs, successors, executors, administrators, predecessors and assigns, officers, directors, general partners, limited partners, independent contractors, employees, agents, servants, attorneys and affiliated, subsidiary, predecessor or successor companies or entities ("Daniel Limited Releasee"), of and from all and any manner of damages, monetary remedies, debts, sums of money, or any other remedy in law against the said Daniel Limited Releasee it ever had, now has or which hereafter can, shall or may have for, upon or by reason of all claims asserted in the Counterclaim. This release extends only to the aforementioned damages and does not extend to Remington Arms's prayer for reasonable attorney's fees or the declaratory judgment or cancellation sought in the Counterclaim. This release also does not serve to release the Daniel Limited Releasee from any causes of action that are now or may be hereafter asserted against it by Remington.

5. It is expressly understood that the Daniel Limited Releasee denies any and all liability to Remington Arms and that the consideration given for this limited release is not to be construed as an admission of liability but is simply made as a compromise and settlement of a disputed claim on behalf of the Daniel Limited Releasee.

6. The terms and conditions set forth in this limited release are the product of joint draftsmanship by all parties, each being represented by counsel, and any ambiguities in this limited release or any documentation prepared pursuant to or in connection with this limited release shall not be construed against any of the parties because of draftsmanship.

7. This limited release contains the parties' entire agreement and may be changed or amended only in writing signed by both parties. This limited release may be executed in a number of counterparts which, taken together, shall constitute collectively one limited release; but in making proof of this limited release, it shall not be necessary to produce or account for more than one such counterpart executed by the party to be charged.

8. Should any dispute arise regarding the interpretation, enforcement, or breach of this limited release, the parties agree that this limited release shall be interpreted under the laws of the State of Georgia.

9. The parties further agree and stipulate that neither this Release nor the fact of its existence shall be admissible evidence, or referred to before a jury, in any litigation between the parties.

| REMINGTON ARMS COMPANY, LLC | DANIEL DEFENSE, INC. |
|---|---|
| *[signature]* <br> ~~Jonathan K. Sprole, General Counsel~~ <br> Melissa Cofield <br> Chief Human Resources Officer | *[signature]* <br> Justin Ward, Vice President of Intellectual Property and attorney at law |

1449158.3