# EXHIBIT 1

Rob Wallace   Expert Witness: Brand identity

917-860-0319

Rob@bestofbreedbranding.com

www.RobWallaceExpert.com

As the former managing partner of Wallace Church, Inc., one of the most recognized and accomplished brand identity strategy and design consultancies, I have more than thirty years of expertise in all aspects of branding strategy and design analysis for national and global brands. My core expertise is the ability to create and differentiate brand experiences that drive consumer awareness and purchase behavior.

Clients include Procter & Gamble, Coca-Cola, Unilever, Pfizer, Dell, Pepsico, Revlon, Target, The Home Depot, Johnson & Johnson, Bacardi, E&J Gallo, Mattel, Anheuser Busch, PNC Bank, Kroger, L'Oreal, Scotts/Miracle Gro and more than 40 national/global consumer product marketers of equal caliber.

Areas of Expertise:

| | |
|---|---|
| Trademark/Trade Dress | Advertising Claims |
| Package/Product Design | Consumer Research |
| Licensing | |
| Intellectual Property | Copyright Damages |
| Marketing Strategy | Consumer Research |
| Brand Communications | Planning/Analysis |
| Visual Brand identity | |

11

**Industry Experience:**

Food                          Personal Care

Beverage                      OTC and Rx Drugs

Home Products                 HBA/Beauty Care

Wellness                      Technology Brands

Toys/Sporting Goods           Hard Goods

Beer/Wine/Spirits             B to B

Apparel                       Retailer Brands

Financial Services


**Background:**

Best of Breed Branding Consortium, LLC                June  2014 – Present

Managing Partner

- Actively manage a consortium of branding communications consultancies.

- Provide strategic consulting on all branding issues including brand name development, brand identity, graphic and structural package design, trademark and copyright development, and integration across advertising and all other brand communications.

Wallace Church, Inc.,                                    1985 – June 2014

Managing Partner, Strategy

- Actively manage one of the world's most respected brand identity design consultancies.

- Provide strategic consulting on all branding issues including brand name development, brand identity, graphic and structural package design, trademark and copyright development, and integration across advertising and all other brand communications.

Peter Cris Advertising, Inc., New York, NY            1984 – 1985

Vice President, Marketing

- Provided both the strategic and creative force for this regional advertising agency.

- Acted as primary liaison between clients and creative department.

Modular Marketing, Inc., New York, NY                1982 – 1984

Senior Account Manager

- Managed select client relationships through all creative and strategic aspects of project management for this marketing communications consultancy.

- Designed and developed brand promotion programs, corporate communications and brand identity assignments.

Grey Advertising, Inc., New York, NY                 1981 – 1982

Senior Account Manager

- Actively participated in one of the world's largest advertising agencies through the Market Horizons function, consulting with core clients on advertising and new brand communications opportunities.

Education:

| | |
|---|---|
| MBA coursework, The New School, New York, NY | 1981 – 1983 |
| BA, English, Gettysburg College, Gettysburg, PA | 1977 – 1981 |

Professional Activities:

- Expert speaker on brand identity design at more than 40 marketing, design and research industry events across the US, UK, Europe, Latin America and Asia

- Author of numerous articles and published case histories on brand identity design in the Wall Street Journal, Forbes, Marketing Week, Design Management Journal, Package Design Magazine and numerous other publications,

- Co-Author "Really Good Package Design Explained," Rockport Press, 09

- Lecturer on brand identity at Columbia Business School, Georgetown University, Seton Hall, University of Texas, School of Visual Arts Masters in Branding and other MBA programs of leading universities

- Board of Directors, Design Management Institute, 2010-Current

- Co-Chair of the Design Management Institute Design Value Project, 2012-Current

- Distinguished Faculty Member, Path to Purchase Institute, speaker at national conference for the last 8 years

**Professional Memberships:**

Board of Directors, The Design Management Institute,

Co-Chair Design Value Project, The Design Management Institute

Distinguished Faculty, Path to Purchase Institute

American Marketing Association

Color Marketing Group

American Institute of Graphic Arts

# APPENDIX 1: Partial List of Prior Cases

I have served as an expert witness on branding related issues on twenty-two prior occasions. In the last four years, I have been served and been deposed on:

- Pom Wonderful, LLC v. Ocean Spray Cranberries, Inc., U.S. District Court Central District of California, 2010

- Pom Wonderful, LLC v. Welch's Foods, Inc., U.S. District Court Central District of California, 2010

- E. & J. Gallo Winery v. Trigo Corporation, U.S. District Court District of Puerto Rico, 2011

- Too Faced Cosmetics, Inc v. Almar Sales Co, Inc, et als, U.S. Court Central District of California, 2012

- FTC v. Ardagh Group S.A., U.S. Federal Court, District of Columbia, 2013

- Devi Snacks v House of Spices, Arbitration Hearing, Southern District of New York, 2014

- Simone Kelly Brown et al v. Oprah Winfrey, et al., U.S. District Court, Southern District of New York, 2014

- Woodbolt Distribution, LLC and General Nutrition Corporation v. Alteria Corportion , U.S. District Court, Southern District of New York, 2015

## APPENDIX 2: Partial List of Authored Books and Articles

I have written a number of brand identity articles, contributed to branding texts, and have been interviewed by The Wall Street Journal, The New York Times, and more than a dozen branding and marketing communications industry publications. I have spoken at more than 30 marketing communications and design industry events across North and South America, the UK, and Europe and Asia. I have lectured on brand identity at Columbia Business School, Georgetown, the University of Texas, and other leading universities. I have conducted webinar events with more than 1,600 participants on the topic of design process and design thinking.

I am on the Board of Directors of the Design Management Institute, the most prominent global design industry association, and I co-chair its Design Value Project. I am a Distinguished Faculty Member of the Path to Purchase Institute. Please see my current CV for a listing of these and other accomplishments.

I coauthored a book entitled "Really Good Packaging Explained", released in 2009 by Rockport Publishers. I was also a contributing author with Robin Landa and the book "Build Your Own Brand", Rockport, 2013. I also wrote the forward to Christopher Durham's book, "52 The My Private Brand Project", Folio28, 2014

In the past 15 years I have written the following articles:

- "The Tropicana Trouble and How It May Have Been Prevented", Package Digest, 2009

- "Blood, Sweat and Tiers, Building Optimal Brand Identity Architectures", GAIN, AIGA Journal of Business and Design, June 2008

- "Heinz Turns Iconic Authenticity Into Fresh Relevance", The Hub, September 2007

- "Design ROI Envisioned", Step Inside Design, July/August 2007

- "Be Smart Be Simple", Design Management Review, Spring 2006

- "Proving our Value: Measuring Package Design's Return on Investment", Design Management Journal, Summer 2001

- "The High Cost of Saving Money", Package Digest, Summer 2000

- "Icons, Your Brand's Visual Essence, Brandweek, Spring 2000

I have coauthored an article with Pamela De Cesare, former Associate Director of Package Communications, Kraft Foods, Inc., entitled "Amazing Pace, Shared Views on the Design Process", Design Management Journal, Spring 2000.

In the past several years I have posed more than two dozen articles and posts on Wallace Church's web site: http://wallacechurch.tumblr.com/ these include but are not limited to:

- o • "Quantifying Design's Value"

- o • "Design RI Re-Envisioned",

- o • "Cutting through the Sea of Sameness"

- o • "Architecting a Brand Experience"

- o • "The National Color" and more

I am the founder of the Linked In Group- "Relevant Disruption in Branding" https://www.linkedin.com/groups?home=&gid=7422931 where I have posted more than 10 articles including:

- o • "Right Here, Right NOW!"

- o • "Fashion Touchdown"

- o • "Color is Key"

- o • "Cool Customization"

- o • "Relevance for Right Now"

- o • "Shape Language"

- o • "Visual Vampires"

o

## APPENDIX 3: Fee Structure

The fee for my consulting and developing expert witness reports in this case is $400 per hour. The fee for my attendance at depositions and trial in this case is $500 per hour. My compensation is not dependent on the outcome of this litigation.

# EXHIBIT 2

# EXPERT REPORT OF ROBERT WALLACE

## 1.    Assignment and Processes

I have been retained by Belzer PC, counsel for Remington Arms, LLC, (Remington) in connection with an action filed by Daniel Defense, Inc., (Daniel Defense) against Remington.

I have been asked to analyze marketing and promotional materials including catalogs, web sites, advertisements, trade show graphics, and related elements and to provide my expert opinion as to whether:

1. Remington used any text containing the phrase "lighter stronger" in a manner consistent with industry standards concerning the use and development of a trademark or with trademark use best practices;
2. A double chevron graphic is a commonly used element in branding and other communications and materials; or
3. Remington used a double chevron graphic in a manner consistent with industry standards concerning the use and development of a trademark or with trademark use best practices.

In my analysis I reviewed the materials listed in Exhibit A. For this assignment, I:

•  analyzed brand communications from Remington and Daniel Defense including advertising, web sites, catalogs, press releases, trade show graphics and promotional literature;

•  did my own complementing search of the use of a double chevron icon and the terms "lighter" and "stronger" and "better" in other brand communications; and

•  analyzed the use of chevron graphics commonly encountered by consumers.

The opinions I express in this report are not intended to be legal conclusions but embody my opinions on brand identity development standards and trademark usage best practices based on my expertise in the industry.

1

## 2.    Qualifications

As outlined in my Curriculum Vitae in Exhibit B to this report, I have more than 30 years of experience marketing and branding for dozens of consumer product companies, including Dick's Sporting Goods, The Home Depot, Coca-Cola, Procter & Gamble, Kraft, Nestle and dozens of other national and global brand owners.

I routinely create brand logos and identity standards and counsel clients on how to use them to achieve a consistent brand identity that optimizes consumer perception and recognition.

This 30-year expertise gives me a deep and relevant understanding of effective brand identity development standards and trademark usage best practices.  Please see my Curriculum Vitae attached to this report as Exhibit B for the additional expertise relevant to my opinions in this case.

## 3.    Trademark Best Practices

Trademarks, including both word and logos, serve as a brand's core mnemonics. They are the visual cues that drive consumer recognition and build awareness of a brand.  Therefore, brand identity industry best practices require use of a trademark that is unique and distinct enough to provide those recognition cues to consumers.  Best practices also require that a trademark be used consistently across media platforms so as to optimize instant recognition at every consumer touchpoint.   Industry best practice includes optimal consistency in the number and placement of graphic elements, their size in relation to each other, the type font and imagery used, the color of these graphics and the consistency of all other graphic devices.

## 4. Remington's use of text containing the phrase "lighter stronger" is not in a manner consistent with industry standards concerning the use and development of a trademark or with trademark use best practices.

Some of the advertising, catalogs, and other brand communications created for Remington's DPMS brand used the following phrases:

2

"LIGHTER, STRONGER AND EVEN MORE BADASS"

"LIGHTER, STRONGER AND EVERY BIT AS ACCURATE AS THE ORIGINAL"

"SMALLER. LIGHTER. STRONGER."

In the materials that I have seen, these phrases are part of the ad copy and not linked in any meaningful way with the DPMS logo or other elements of the DPMS brand identity. The phrases are not in the same typeface as the DPMS logo. They are not adjacent to the DPMS logo nor do they have any meaningful visual linkage to the DPMS trademarks. In my opinion, Remington uses these phrases solely as promotional/advertising copy. I have not seen any materials in which Remington uses these phrases as a trademark or in a manner consistent with trademark usage best practice.

Each of these phrases is inherently different from the other two. Though all three of these phrases share the words "lighter" and "stronger," the other words in each of these three phrases is quite different. Moreover, the words "lighter" and "stronger" are not emphasized or set apart in any way that is often done to ensure that consumers view certain words separately from the phrases in which the words are used. The differences in the three phrases are not consistent with trademark use best practices.

In addition, in one of its ad copy phrases, Remington uses the word "badass". This is an informal word many people would consider vulgar. In my experience, informal vulgarities are rarely used in a trademark. Because trademarks are used repeatedly and in a wide variety of contexts and publications, a company would not want any part of its public perception tied to a vulgarity. Again, in my opinion, the use of the word "badass" is inconsistent with trademark best practice.

The words "lighter", "stronger" and "better" are, in my opinion, descriptions of functional product benefits. These words are commonly used by other brands to describe their features and benefits of similar products in an effort to influence consumer purchase decisions. For example

3

a number of brands use the exact phrase "Lighter, Stronger, Better" in their brand communications including Audi, Corning Optic Cables, Z frame luggage and Maggolina Carbon Fiber. The Storm Force aircraft tie down and the Sweet Protection Whitewater brands both use the same words in a different order: " Stronger, Lighter, Better," and a number of brands use combinations of two of these three words including Alcoa Defense and the competitive fire arms brand, Aero Precision.

As used in the ad phrases, the words "lighter" and "stronger" are employed for the sole purpose of describing specific benefits of Remington's products – i.e., the lightness and strength of those products. There is no mystery, double entendre, or subtle allusion that would add an extra layer of meaning to the ad phrases. The ad phrases immediately and succinctly inform the reader about the benefits of Remington's products. Because these words are inherently functional and used commonly by other brands in describing their product benefits, in my opinion, Remington does not use these phrases as trademarks nor are their use consistent with trademark use best practice. They are, in my opinion, advertising or promotional copy.

In his deposition, Jordan Hunter agreed with my opinion that the words "lighter" and "stronger" are descriptive and functional. In his deposition, Mr. Hunter refers to these words, as "Those are descriptors. They were descriptors to help us justify a price point, you know, and separate us from our competitors just like anything in marketing." Deposition of Jordan Hunter, 61:17-62:4. Mr. Hunter goes on to define the advantages that each of these words describe in differentiating the Daniel Defense products from competitive products. Mr. Hunter's testimony confirms that these words are functional, descriptive and used for marketing purposes rather than used as a trademark.

## 4.    Double chevron as an icon and a commonly used element

The chevron and chevron pattern is a well-known and commonly-used graphic in product promotion and many other uses. As noted on the website of the marketing company EReach Consulting: "Where are we seeing chevron? The short answer-everywhere. Chevron pattern has become so popular that it appears across multiple industries and economic markets. You'll notice chevron making its mark in interior design, fashion, architecture, culinary arts, web design, advertising, packaging, and even branding." (DPMS000260) The same website notes that "the

chevron pattern has been a design element for centuries." (DPMS000261)

From a brand identity standpoint, I agree with the comments of EReach Consulting. A chevron, used alone or combined with another chevron into a double chevron, is a design element used so frequently that it has become a widely recognized graphic icon used commonly for its functional attributes of directing a consumer's attention or providing directional way finding, like an arrow. A number of brands use a double or single chevron graphic as a functional or aesthetic part of their advertising and brand communications that is not part of their core brand identity. There are many functional uses of the chevron and the double chevron that consumers commonly encounter in both digital and physical media, such as directional road signs, website navigational icons, and bullet points. The single and double chevron are also common decorative elements used for their aesthetic qualities.

The design industry commonly uses stock art or "clip art" as a reference. The number of clip art pieces of any given image is often a reliable indication of how commonly used an icon is. A Google image search for "free double chevron icon" returns a large number of images of double chevrons very similar in shape to the double chevrons Remington used. Many of these images are from stock image resources where these double chevron icon could be easily downloaded for free. These search results further confirm that the double chevron icon is commonly used.

In addition, the simple double chevron Remington's materials use is so simplistic that it can be rendered using keystrokes on almost any keyboard: >>, <<.

In my opinion, using such a common, non-distinct symbol as a trademark is not consistent with industry standards concerning the use and development of a trademark or with trademark use best practices because consumers would not identify the commonly used symbol as unique to the company using it or as part of the company's brand identity.

5.      **Remington's use of a double chevron**

In the materials I reviewed, I noticed that Remington uses a double chevron in different orientations. Remington uses this icon sometimes horizontally and in other times vertically. Remington uses the double chevrons pointing up, down, right, and left

5

Remington also uses the varying double chevron icons as both decorative elements and as functional marks to direct the viewer's attention or as part of a chart or table.

These inconsistent orientations and their different uses confirm that Remington is not using the common double chevron icon as a trademark but rather for other functional and decorative purposes.

### 6. DD's inconsistent use of its claimed trademark

In my opinion, Daniel Defense often uses the double chevron in a manner that does not comply with trademark best practices. For example, Daniel Defense uses the common double chevron icon as an accent to call out a specific heading in its advertising or promotional material (DD003593) (DD003596) (DD003622) (DD003640), (DD002502) (DD000578). It is used as a decorative device in its advertising (DD003232) and other applications. It has been used as a bullet point to a call out to a list of features in advertising (DD000999). It has been used as a decorative background in its press releases, such as the background to "What Would LARRY Do" photograph (DD000580). These and other uses of the common double chevron icon are so inconsistent that in my opinion they do not conform with trademark use best practices.

Moreover, when Daniel Defense does uses the double chevron in consistently in connection with its "Double D" logo (which depicts two interlocking "Ds" interlocking, one in an upper-left position and one in a lower-right position). For example, the common double chevron icon appear next to the Daniel Defense logo in its 2014 catalog (DD00389) but not next to the logo in Daniel Defense's 2015 catalog. As another example, the common double chevron icon is sometimes used before a Daniel Defense product name but in other applications it appears after the product name (DD000020).

Daniel Defense also changes the orientation of the double chevron icon from pointing to the right to pointing up, down, and to the upper right such as when it is used as a reference pointer linking a caption and the area on the product to which that caption refers (DD000578). In other applications when the common double chevron icon is used as a decorative element it appears facing upwards and downwards (DD003223).

DD also changes the color of its varied use of the common double chevron icon. Many application of this icon are in yellow but they are also applications in white (DD003224). For example advertisement DD003224 is in full color, which would have easily allowed the icon to be in yellow, and yet it uses a white chevron. And again in this application the white common double chevron icon is not next to the prominent product name logo but rather used as a small accent highlighting a product feature.

Again, Daniel Defense's broadly inconsistent use of the orientation, relative size, color and application of the common double chevron icon, in my opinion, does not conform to industry standards regarding trademark use or trademark use best practices.

## 7. Conclusion

Based on the materials I reviewed, it is my opinion that:

1.      Remington did not use the text "Lighter, stronger and even more badass;" "Lighter, Stronger and every bit as accurate as the original;" or "Smaller. Light. Stronger" in a manner consistent with industry standards concerning the use and development of a trademark or with trademark use best practices as a trademark but rather as traditional promotional copy.

2.      A double chevron icon is so very commonly used that it is a ubiquitous element used in product branding, directional way finding and other communications, and is therefore not consistent with industry standards concerning the use and development of a trademark or with trademark use best practices because consumers would not identify the commonly used symbol as unique to the company using it or as part of the company's brand identity.

3.      Remington did not use the common double chevron icon in a manner consistent with industry standards concerning the use and development of a trademark or with trademark use best practices as a trademark.

4.      Daniel Defense often uses the common double chevron icon in a manner that is not consistent with industry standards concerning the use and development of a trademark or with trademark use best practices as a trademark.

7

Respectfully submitted:

Rob Wallace

July 10, 2015

## EXHIBIT A: Materials Reviewed

| | | |
|---|---|---|
| 1. | 2007 Daniel Defense Product Guide | DD3104-3131 |
| 2. | 2008 Daniel Defense Product Guide | DD3468-3519 |
| 3. | 2009 Daniel Defense Product Guide | DD3492-3519 |
| 4. | 2010 Daniel Defense Product Guide | DD3520-3551 |
| 5. | 2011 Daniel Defense Product Guide | DD3552-3587 |
| 6. | 2012 Daniel Defense Product Guide | DD3132-3208 |
| 7. | 2013 Daniel Defense Product Guide | DD750-85 |
| 8. | 2014 Daniel Defense Product Guide | DD3588-3642 |
| 9. | 2015 Daniel Defense Product Guide | DD3644-3674 |
| 10. | Amended Complaint of Daniel Defense | |
| 11. | Chevron logo graphic | |
| 12. | Citroen logo graphic | |
| 13. | Daniel Defense advertising | DD00020 |
| 14. | Daniel Defense advertising | DD003223 |
| 15. | Daniel Defense advertising | DD003224 |
| 16. | Defendants' Second Supplemental Response to Plaintiff's First Requests for Production | DPMS 000254-303 |
| 17. | Deposition of Carlos Martinez | |
| 18. | Deposition of Jason Marcello | |
| 19. | Deposition of Jordan Hunter | |
| 20. | Deposition of Lawrence Hagerty, Exhibit 20 | |
| 21. | DPMS GII Booth Photos | DPMS 282-85; 287-92; 295-302 |
| 22. | Email from Hunter to Hunter, 11/23/11 | DD002501-2508 |
| 23. | Email from Hunter to Turley, 6/14/12 | DD000578-583 |
| 24. | Exhibit 101 | |
| 25. | Exhibit 102 | |
| 26. | Exhibit 133 | |
| 27. | Exhibit 135 | |
| 28. | Exhibit 48 | |
| 29. | Exhibit 50 | |
| 30. | Exhibit 51 | |
| 31. | Exhibit 52 | |
| 32. | Exhibit 59 | |
| 33. | Exhibit 73 | |
| 34. | Exhibit 74 | |
| 35. | Exhibit 79 | |
| 36. | Exhibit 93 | |

| 37. | Exhibit 98 | |
|---|---|---|
| 38. | Exhibit 99 | |
| 39. | Webpage - images.google.com/search?tbm=isch&q=free+d ouble+chevron+icon | |
| 40. | Webpage – dickssportinggoods.com | |
| 41. | Webpage – dragon-models.com/d-m-item.asp?pid=WAR50094 | |
| 42. | Webpage – Geograph.org.uk/photo/4264864 | |
| 43. | Webpage – Google News | |
| 44. | Webpage – modelingmadness.com/scott/decals/kd4803.html | |
| 45. | Webpage – nacodes.com/category/plugins/pagination | |
| 46. | Webpage – nytimes.com | |
| 47. | Webpage – washingtonpost.com | |
| 48. | Webpage – web2.westlaw.com/signon/default | |

Rob Wallace   Expert Witness: Brand identity

917-860-0319

Rob@bestofbreedbranding.com

www.RobWallaceExpert.com

As the former managing partner of Wallace Church, Inc., one of the most recognized and accomplished brand identity strategy and design consultancies, I have more than thirty years of expertise in all aspects of branding strategy and design analysis for national and global brands. My core expertise is the ability to create and differentiate brand experiences that drive consumer awareness and purchase behavior.

Clients include Procter & Gamble, Coca-Cola, Unilever, Pfizer, Dell, Pepsico, Revlon, Target, The Home Depot, Johnson & Johnson, Bacardi, E&J Gallo, Mattel, Anheuser Busch, PNC Bank, Kroger, L'Oreal, Scotts/Miracle Gro and more than 40 national/global consumer product marketers of equal caliber.

Areas of Expertise:

Trademark/Trade Dress

Package/Product Design

Licensing

Intellectual Property

Marketing Strategy

Brand Communications

Visual Brand identity

Advertising Claims

Consumer Research

Copyright Damages

Consumer Research

Planning/Analysis

**Industry Experience:**

| | |
|---|---|
| Food | Personal Care |
| Beverage | OTC and Rx Drugs |
| Home Products | HBA/Beauty Care |
| Wellness | Technology Brands |
| Toys/Sporting Goods | Hard Goods |
| Beer/Wine/Spirits | B to B |
| Apparel | Retailer Brands |
| Financial Services | |

**Background:**

Best of Breed Branding Consortium, LLC          June  2014 – Present

Managing Partner

- Actively manage a consortium of branding communications consultancies.

- Provide strategic consulting on all branding issues including brand name development, brand identity, graphic and structural package design, trademark and copyright development, and integration across advertising and all other brand communications.

Wallace Church, Inc.,                                        1985 – June 2014

Managing Partner, Strategy

- Actively manage one of the world's most respected brand identity design consultancies.

- Provide strategic consulting on all branding issues including brand name development, brand identity, graphic and structural package design, trademark and copyright development, and integration across advertising and all other brand communications.


Peter Cris Advertising, Inc., New York, NY          1984 – 1985

Vice President, Marketing

- Provided both the strategic and creative force for this regional advertising agency.

- Acted as primary liaison between clients and creative department.


Modular Marketing, Inc., New York, NY              1982 – 1984

Senior Account Manager

- Managed select client relationships through all creative and strategic aspects of project management for this marketing communications consultancy.

- Designed and developed brand promotion programs, corporate communications and brand identity assignments.


Grey Advertising, Inc., New York, NY               1981 – 1982

Senior Account Manager

- Actively participated in one of the world's largest advertising agencies through the Market Horizons function, consulting with core clients on advertising and new brand communications opportunities.

Education:

MBA coursework, The New School, New York, NY          1981 – 1983

BA, English, Gettysburg College, Gettysburg, PA          1977 – 1981

Professional Activities:

- Expert speaker on brand identity design at more than 40 marketing, design and research industry events across the US, UK, Europe, Latin America and Asia

- Author of numerous articles and published case histories on brand identity design in the Wall Street Journal, Forbes, Marketing Week, Design Management Journal, Package Design Magazine and numerous other publications,

- Co-Author "Really Good Package Design Explained," Rockport Press, 09

- Lecturer on brand identity at Columbia Business School, Georgetown University, Seton Hall, University of Texas, School of Visual Arts Masters in Branding and other MBA programs of leading universities

- Board of Directors, Design Management Institute, 2010-Current

- Co-Chair of the Design Management Institute Design Value Project, 2012-Current

- Distinguished Faculty Member, Path to Purchase Institute, speaker at national conference for the last 8 years

**Professional Memberships:**

Board of Directors, The Design Management Institute,

Co-Chair Design Value Project, The Design Management Institute

Distinguished Faculty, Path to Purchase Institute

American Marketing Association

Color Marketing Group

American Institute of Graphic Arts

## APPENDIX 1: Partial List of Prior Cases

I have served as an expert witness on branding related issues on twenty-two prior occasions. In the last four years, I have been served and been deposed on:

- Pom Wonderful, LLC v. Ocean Spray Cranberries, Inc., U.S. District Court Central District of California, 2010

- Pom Wonderful, LLC v. Welch's Foods, Inc., U.S. District Court Central District of California, 2010

- E. & J. Gallo Winery v. Trigo Corporation, U.S. District Court District of Puerto Rico, 2011

- Too Faced Cosmetics, Inc v. Almar Sales Co, Inc, et als, U.S. Court Central District of California, 2012

- FTC v. Ardagh Group S.A., U.S. Federal Court, District of Columbia, 2013

- Devi Snacks v House of Spices, Arbitration Hearing, Southern District of New York, 2014

- Simone Kelly Brown et al v. Oprah Winfrey, et al., U.S. District Court, Southern District of New York, 2014

- Woodbolt Distribution, LLC and General Nutrition Corporation v. Alteria Corportion , U.S. District Court, Southern District of New York, 2015

**APPENDIX 2: Partial List of Authored Books and Articles**

I have written a number of brand identity articles, contributed to branding texts, and have been interviewed by The Wall Street Journal, The New York Times, and more than a dozen branding and marketing communications industry publications. I have spoken at more than 30 marketing communications and design industry events across North and South America, the UK, and Europe and Asia. I have lectured on brand identity at Columbia Business School, Georgetown, the University of Texas, and other leading universities. I have conducted webinar events with more than 1,600 participants on the topic of design process and design thinking.

I am on the Board of Directors of the Design Management Institute, the most prominent global design industry association, and I co-chair its Design Value Project. I am a Distinguished Faculty Member of the Path to Purchase Institute. Please see my current CV for a listing of these and other accomplishments.

I coauthored a book entitled "Really Good Packaging Explained", released in 2009 by Rockport Publishers. I was also a contributing author with Robin Landa and the book "Build Your Own Brand", Rockport, 2013. I also wrote the forward to Christopher Durham's book, "52 The My Private Brand Project", Folio28, 2014

In the past 15 years I have written the following articles:

- "The Tropicana Trouble and How It May Have Been Prevented", Package Digest, 2009

- "Blood, Sweat and Tiers, Building Optimal Brand Identity Architectures", GAIN, AIGA Journal of Business and Design, June 2008

- "Heinz Turns Iconic Authenticity Into Fresh Relevance", The Hub, September 2007

- "Design ROI Envisioned", Step Inside Design, July/August 2007

- "Be Smart Be Simple", Design Management Review, Spring 2006

- "Proving our Value: Measuring Package Design's Return on Investment", Design Management Journal, Summer 2001

- "The High Cost of Saving Money", Package Digest, Summer 2000

- "Icons, Your Brand's Visual Essence, Brandweek, Spring 2000

I have coauthored an article with Pamela De Cesare, former Associate Director of Package Communications, Kraft Foods, Inc., entitled "Amazing Pace, Shared Views on the Design Process", Design Management Journal, Spring 2000.

In the past several years I have posed more than two dozen articles and posts on Wallace Church's web site: http://wallacechurch.tumblr.com/ these include but are not limited to:

- • "Quantifying Design's Value"

- • "Design RI Re-Envisioned",

- • "Cutting through the Sea of Sameness"

- • "Architecting a Brand Experience"

- • "The National Color" and more

I am the founder of the Linked In Group- "Relevant Disruption in Branding" https://www.linkedin.com/groups?home=&gid=7422931 where I have posted more than 10 articles including:

- • "Right Here, Right NOW!"

- • "Fashion Touchdown"

- • "Color is Key"

- • "Cool Customization"

- • "Relevance for Right Now"

o • "Shape Language"

o • "Visual Vampires"

o

## APPENDIX 3:  Fee Structure

The fee for my consulting and developing expert witness reports in this case is $400 per hour.
The fee for my attendance at depositions and trial in this case is $500 per hour.   My
compensation is not dependent on the outcome of this litigation.