UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DANIEL DEFENSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-cv-00131-WTM-GRS |
| | ) | |
| REMINGTON ARMS COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S SUR-REPLY TO MOTION TO EXCLUDE

Defendant Remington Arms ("Remington") files this Sur-reply in response to new evidence submitted by plaintiff, Daniel Defense, Inc., ("DD") along with its Reply to its Motion to Exclude the Testimony of James T. Berger.

**1. DD's New Evidence Related to the Survey Universe.**

In its opening brief, DD argued Remington's survey universe should have been defined by a document read into a deposition transcript by Remington's employee, Mr. Jennings.  (Doc 70-1, pp. 13-14).  In response to Remington's criticisms that DD misquoted Mr. Jennings and laid no foundation for the accuracy of the document Jennings read into the record, DD submits the underlying document for the first time on reply.  (Doc. 84, pp. 13-14; Doc. 96, p. 4; Exhibit B).  However, the document does not cure DD's evidentiary issues or salvage its arguments because DD has still failed to establish the accuracy of the "Target Consumer Profile" it describes.[1]  DD points to no statistical analysis or

---

[1] Nor has DD provided any evidence of the accuracy of its claim that the document was "drafted by [Remington's outside advertising agency,] United DSN, and based upon information provided by Remington."  (Doc. 96, p. 4).

other methodology or facts to establish the reliability of this document.  In the end, DD ironically seeks to prove Remington's survey is unreliable by using a document DD has not shown is reliable.

Even if the document is reliable, DD has not come forward with any expert opinion that somehow renders Remington's universe unreliable.  DD's naked statement that this is the case is not enough to defeat Mr. Berger's expert opinion to the contrary.   *See, e.g., Denimafia Inc. v. New Balance Athletic Shoe, Inc.,* No. 12 CIV. 4112 AJP, 2014 WL 814532, at *1 (S.D.N.Y. Mar. 3, 2014), appeal dismissed (May 19, 2014) (rejecting claim that survey universe should have been limited to alleged customer demographic of males in a certain age bracket because claims about demographics were unsubstantiated, there was no evidence the marketing efforts at issue were limited to the narrow demographic, and plaintiff did not offer expert rebuttal evidence that methodology was improper).  Finally, DD is estopped from claiming that a survey universe comprised of gun owners is unreliable given its previous allegations that its marks are "famous" and have acquired secondary meaning among firearms owners. (Doc. 98, p. 11).

DD also submits new evidence from the New York Times to support its claim that the "MSR marketplace" is a "niche market."  (Doc. 96 p. 7)  Of course, this article (which actually contradicts the very conclusion for which DD cites it) is not sworn testimony and a reporter's unsworn statements about what he has been told by other, unsworn individuals is not admissible evidence.[2]

---

[2] Even if it were admissible, the article reports that a previously "niche market" has now been transformed "into a fast-growing profit center," and therefore would provide additional justification

DD's newly submitted evidence does not further its arguments on the survey universe and serves only to highlight the glaring absence of rebuttal expert testimony on the subject.

**2.      DD Newly Proposed Survey Stimuli.**

Along with its reply, DD submits newly prepared "hypothetical graphics" it claims would have been superior to those used in Remington's surveys. (Doc. 96, pp. 10-11). However, no one with expertise in the field of surveys has suggested that DD's submission is reliable or superior to what Mr. Berger used or that what Mr. Berger used was unreliable. The "hypothetical graphic" DD proposes for the secondary meaning survey suffers the same infirmity as DD's example in its opening brief:  It includes both the LSB and >> marks (the >> mark appears twice) and therefore cannot be used to test the whether either mark standing alone has acquired secondary meaning. (*See* Doc. 84, p. 17-18.)  The "hypothetical graphic" DD proposes for the likelihood of confusion survey is also unsuitable because it includes an extraneous source indicator – Remington's "Panther Eye Green" color scheme – that would allow consumers to recognize Remington as the source of the materials without reference to the allegedly infringing phrase, further skewing the results in Remington's favor.  (Doc. 96, p. 13).  At the end of the day, DD's "hypothetical graphics" only serve to underscore the fact that the allegedly infringing phrases and design are always surrounded by contextual information linking them to Remington.

---

to reject DD's "niche market" theory. (Doc. 96, p. 7).  It goes on to say that: "Despite such reservations, the AR-15-style rifle — which is fast, modern, ergonomically designed, relatively easy to handle and produces little recoil — soon found a wide audience, be it Vietnam War veterans who had used the military version or first-time gun buyers."  *See* Exhibit A, containing the full text of the article.

In sum, the new evidence submitted by DD in its reply adds nothing to its arguments, but instead provides additional justification to deny its motion to exclude Berger's testimony.

This 1st day of October, 2015.

/s/ Nathan C. Belzer

Nathan C. Belzer
Georgia Bar. No. 049786
Attorneys for Defendant

BELZER PC
2905 Bull Street
Savannah, GA 31405
Tel: (912) 236-3001
nbelzer@belzerlaw.com

ELLIS, PAINTER, RATTERREE & ADAMS LLP
Jason C. Pedigo
Georgia Bar No. 140989
J. Patrick Connell
Georgia Bar No. 353316
Post Office Box 9946
Savannah, Georgia  31412
Tel: (912) 233-9700
pedigo@epra-law.com
pconnell@epra-law.com
Attorneys For Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing document on all parties in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 1st day of October, 2015.

/s/ Nathan C. Belzer
Nathan C. Belzer
Georgia Bar. No. 049786
Attorneys For Defendant

BELZER PC
2905 Bull Street
Savannah, GA 31405
Tel: (912) 236-3001
nbelzer@belzerlaw.com

1512702.2